UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DEVON STRACHAN, SHAYNE STRACHAN,
YVETTE STRACHAN, and MARK MAYNE,

      Plaintiffs,     12 CV 2109 (ILG) (VMS)

  -against-

THE CITY OF NEW YORK, WAYNE MIMS,  **AMENDED COMPLAINT**
DOMINICK BIZZARRO, and ANTHONY
BIANCO,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   Plaintiffs, Devon Strachan, Shayne Strachan, Yvette Strachan, and Mark

Mayne, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as

follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

   1.  At all times hereinafter mentioned, plaintiff Devon Strachan, was an

adult male resident of Queens County, within the State of New York.

   2.  At all times hereinafter mentioned, plaintiff Shayne Strachan, was an

adult male resident of Queens County, within the State of New York.

   3.  At all times hereinafter mentioned, plaintiff Yvette Strachan, was an

adult female resident of Queens County, within the State of New York.

   4.  At all times hereinafter mentioned, plaintiff Mark Mayne, was an adult

male resident of Queens County, within the State of New York.

   5.  At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

6.     At all relevant times hereinafter mentioned, defendant Wayne Mims (Tax 919948), was an adult male employed by the City of New York as a member of the NYPD. Defendant Mims is sued herein in his official and individual capacities.

7.     At all relevant times hereinafter mentioned, defendant Dominick Bizzarro (Tax 923562), was an adult male employed by the City of New York as a member of the NYPD. Defendant Bizzarro is sued herein in his official and individual capacities.

8.     At all relevant times hereinafter mentioned, defendant Anthony Bianco (Tax 913485), was an adult male employed by the City of New York as a member of the NYPD. Defendant Bianco is sued herein in his official and individual capacities.

9.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

10.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

11.     At all times hereinafter mentioned, plaintiffs Devon Strachan, Shayne Strachan, Yvette Strachan, and Mark Mayne resided at 151-30 133rd Avenue, Jamaica, New York 11434 (the "premises"). Plaintiffs Devon and Yvette Strachan are husband and wife,

and are the parents of Shayne Strachan and Mark Mayne.

12.    On June 9, 2010, at about 5:30 a.m., plaintiffs Devon, Shayne, and Yvette Strachan were lawfully present inside of their residence.

13.    At this time, the defendants arrived and prepared to enter the premises.

14.    Each of the individual defendants was on duty and acting in the scope of their employment by the municipal defendant.

15.    At or about this time the defendants encountered plaintiff Mark Mayne on his way home from work.

16.    Plaintiff Mark Mayne was not engaged in any unlawful or suspicious activity.

17.    Although there was no legal basis to detain or seize plaintiff Mark Mayne, defendants placed the plaintiff in handcuffs, took his house keys, and searched him.

18.    Although there was no legal basis to do so, the defendants then forcibly entered the premises with guns drawn, where they encountered the remaining three plaintiffs, Devon, Shayne, and Yvette Strachan.

19.    The defendants were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

20.    There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

21.    The defendants did not display a warrant to justify their entry into the premises and refused to produce one after plaintiffs asked.

-3-

22.     If indeed a warrant had issued, it could only have been procured on false or otherwise misleading information as none of the residents of the apartment had engaged in any conduct that would have constituted probable cause for the issuance of a warrant to enter or search the premises.

23.     Plaintiffs were not engaged in any unlawful or suspicious activity, and complied with defendants' requests.

24.     Although there was no legal basis to enter the premises, detain, or seize the plaintiffs, defendants placed the plaintiffs in handcuffs, and searched the premises.

25.     The defendants ransacked plaintiffs' residence, destroying furniture and personal property in the process, causing structural and property damage in the amount of thousands of dollars.  This search yielded no evidence of guns, drugs, or contraband, or any evidence of criminal activity on the part of plaintiffs.

26.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants continued to search the premises, detaining plaintiffs in handcuffs both outside and in front of their residence.

27.     The decision to detain plaintiffs and search their home was objectively unreasonable under the circumstances, especially after the search continued when no evidence of criminal activity was found.

28.     After two hours of being handcuffed and detained in front of their home, plaintiffs Devon Strachan and Yvette Strachan were released from defendants' custody with no explanation.  At no time were they criminally charged pursuant to this

-4-

search.

29.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, defendant Bizzarro, under the supervision and with the approval of defendant Bianco, formally arrested plaintiff Shayne Strachan under Arrest Number Q10635217.

30.     The decision to arrest plaintiff was objectively unreasonable under the circumstances.

31.     Plaintiff Shayne Strachan was taken to a local area precinct where he was held for several hours, before he was taken to Queens County Central Booking where he was held for several more hours.

32.     Plaintiff Shayne Strachan was eventually summarily released from custody at Queens County Central Booking without being charged.

33.     At the premises, plaintiff Mark Mayne was issued a summons for disorderly conduct by defendant Mims and was prosecuted for approximately two years under Docket Number 2010SQ059706 pursuant to Summons Number 4400187299.

34.     The factual allegations sworn to by defendants against plaintiff Mark Mayne were materially false and deliberately made to justify the illegal entry into the premises, searches of plaintiffs' person and plaintiffs' property, and the issuance of a summons to plaintiff Mark Mayne.

35.     On March 16, 2012, the information used to support the summons issued to plaintiff Mayne was found to be legally insufficient, and the summons was dismissed in his favor.

-5-

36.    At no time did there exist sufficient cause to seize or arrest plaintiff Shayne Strachan, to issue a summons to plaintiff Mark Mayne, to search plaintiffs' residence, or to detain any of the plaintiffs, nor could the defendants have reasonably believed that such cause existed.

37.    At no time did there exist any basis to utilize any level of force against the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

38.    At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against the plaintiffs.

39.    The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

40.    That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

41.    Plaintiffs repeat the allegations contained in paragraphs "1" through "40" above as though stated fully herein.

42.    Defendants willfully and intentionally seized, searched, and detained plaintiffs Devon and Yvette Strachan without probable cause, and without a reasonable basis

to believe such cause existed.

43.    Defendants also willfully and intentionally seized, searched, detained, and arrested plaintiff Shayne Strachan without probable cause, and without a reasonable basis to believe such cause existed.

44.    Defendants also willfully and intentionally seized, search, detained, arrested, and caused criminal process to commence against plaintiff Mark Mayne without probable cause, and without a reasonable basis to believe such cause existed.

45.    At no time did the defendants have any legal basis to for searching or seizing plaintiffs, destroying their property, or using physical force against them, nor was there any reasonable basis to believe that said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

46.    At no time did defendants have any legal basis for arresting or imprisoning plaintiffs Shayne Strachan and Mark Mayne, commencing criminal process, maliciously prosecuting, or using physical force against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

47.    Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

48.    Defendants knowingly and deliberately entered and searched plaintiffs'

home without any lawful authority and without a reasonable basis to believe such authority existed.

49.    By so doing, the individual defendants, individually and collectively, subjected all of the plaintiffs to false arrest and false imprisonment, excessive force, and unlawful searches of person and property.  In addition, the defendants also subjected Mark Mayne to malicious prosecution and denial of a fair trial through the use of fabricated evidence.  By doing so, the defendants subjected all plaintiffs to denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

50.    The defendants further failed to intervene in the aforementioned misconduct in which their fellow defendants engaged by remaining silent, and failing to take any meaningful steps to correct the defendants' actions, or otherwise protect the plaintiffs from the defendants' actions

51.    By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer physical injury, incarceration, the deprivation of liberty, and emotional injuries, mental anguish, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

52.    Plaintiffs repeat the allegations contained in paragraphs "1" through "50" above as though stated fully herein.

53.    Defendant City of New York was responsible for ensuring that

-8-

reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

54.    Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

55.    The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest, and the searches and seizures of all plaintiffs herein.

56.    All of the acts and omissions by the individual defendants described

above were carried out pursuant to overlapping policies and practices of the municipal

defendant in their capacities as police officers and officials pursuant to customs, policies,

usages, practices, procedures and rules of the City and the NYPD, all under the supervision

of ranking officers of the NYPD.

57. The aforementioned customs, practices, procedures, and rules of the

City and the NYPD include, but are not limited to, the following unconstitutional practices:

a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d. Retaliating against officers who report police misconduct; and

e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

57. The existence of aforesaid unconstitutional customs and policies may

be inferred from repeated occurrences of similar wrongful conduct, as documented by the

many civil actions filed in the Eastern and Southern Districts of New York, as well as in New

York State Supreme Court throughout the five boroughs of the City of New York.

58. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-

CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by

commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

59.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

60.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

61.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer economic, emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

]

]

]

]

]

]

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i.     on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii.    on the second cause of action, actual damages in an amount to be determined at trial;

iii.   statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.    such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        June 3, 2013

                        Reibman & Weiner
                        Attorneys for Plaintiffs

                        /s/
                        _____

                By:     Michael Lumer (ML-1947)
                        26 Court Street, Suite 1808
                        Brooklyn, New York 11242
                        718-522-1743

-12-